(Slip Opinion)

# Administration of the John F. Kennedy Centennial Commission

To avoid the separation of powers concerns posed by inclusion of six members of Congress on the eleven-member John F. Kennedy Centennial Commission, the Commission should create an executive committee, composed of its five presidentially appointed members, which would be legally responsible for discharging the purely executive functions of the Commission.

The six congressional members could participate in nearly all of the Commission's remaining activities, including in ceremonial functions.

January 10, 2017

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

This memorandum provides our views on how the John F. Kennedy Centennial Commission ("JFK Commission") can be organized and administered so as to avoid the constitutional concerns raised by the statute that created the Commission. *See* John F. Kennedy Centennial Commission Act, Pub. L. No. 114-215, 130 Stat. 830 (2016) ("JFK Commission Act"). The same constitutional concerns prompted the President to issue a signing statement upon the enactment of the Ronald Reagan Centennial Commission Act, Pub. L. No. 111-25, 123 Stat. 1767 (2009) ("Reagan Commission Act"). Given the similarities between the two statutes, we recommend that the JFK Commission carry out its functions in keeping with the structure used to carry out the functions of the Ronald Reagan Centennial Commission.

The JFK Commission Act created an eleven-member commission with, among other duties, responsibility to "plan, develop, and carry out such activities as the Commission considers fitting and proper to honor John F. Kennedy on the occasion of the 100th anniversary of his birth." Pub. L. No. 114-215, § 3(1). Six of the eleven commissioners are members of Congress, appointed by congressional leadership. *Id*. § 4(a). Four commissioners are appointed by the President, and the remaining ex officio commissioner is also a presidential appointee—the Secretary of the Interior. *Id*.

The JFK Commission Act is functionally identical to the Reagan Commission Act. As we explained in a prior memorandum concerning the constitutionality of the Reagan Commission Act, the inclusion of mem-

bers of Congress on a commission like the Reagan Commission raises significant constitutional concerns, because the commission is called upon to engage in functions that constitute the execution of the laws. The Appointments Clause and the Ineligibility Clause of the Constitution, especially in light of the anti-aggrandizement principle underlying the constitutional separation of powers, prohibit congressional appointees from exercising such power.[1] *See Constitutionality of the Ronald Reagan Centennial Commission Act of 2009*, 33 Op. O.L.C. __ (Apr. 21, 2009). When President Obama signed the Reagan Commission Act into law, he stated that "members of Congress 'w[ould] be able to participate only in ceremonial or advisory functions of [the] Commission, and not in matters involving the administration of the act.'" Daily Comp. Pres. Doc. No. 200900424 (June 2, 2009) (quoting Statement on Signing the Bill Establishing a Commission on the Bicentennial of the United States Constitution (Sept. 29, 1983), 2 *Pub. Papers of Pres. Ronald Reagan* 1390 (1983)).

Consistent with advice we gave regarding how the Reagan Commission could be lawfully structured—and advice this Office gave in 1984 regarding how the similarly designed Commission on the Bicentennial of the Constitution could be lawfully structured—we recommend that the JFK Commission create an "executive committee," composed of its five presidentially appointed members, which "would be legally responsible for discharging the purely executive functions of the Commission." *Appointments to the Commission on the Bicentennial of the Constitution*, 8 Op. O.L.C. 200, 207 (1984) ("*Bicentennial Commission*") (recommending a similar approach to structuring the Commission on the Bicentennial of the Constitution); *see* Memorandum for Robert F. Bauer, Counsel to the President, from Martin S. Lederman, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Administration of the Ronald Reagan Cen-*

---

[1] The anti-aggrandizement principle provides that "where the effect of legislation is to vest Congress itself, its members, or its agents with 'either executive power or judicial power,' the statute is unconstitutional." *The Constitutional Separation of Powers Between the President and Congress*, 20 Op. O.L.C. 124, 127–28 (1996) (quoting *Metro. Wash. Airports Auth. v. Citizens for the Abatement of Aircraft Noise, Inc.*, 501 U.S. 252, 274 (1991)); *see id.* at 131–32; *Bowsher v. Synar*, 478 U.S. 714, 733–34 (1986) (explaining that "once Congress makes its choice in enacting legislation, its participation ends," and "Congress can thereafter control the execution of its enactment only indirectly—by passing new legislation").

*tennial Commission* (May 7, 2010). These functions would include determining which activities would be "fitting and proper to honor John F. Kennedy on the occasion of the 100th anniversary of his birth" and "plan-[ning], develop[ing], and carry[ing] out" such activities. Pub. L. No. 114-215, § 3(1). Indeed, in order to avoid serious constitutional questions, we would construe the Act itself to limit the exercise of "the purely executive functions of the Commission," *Bicentennial Commission*, 8 Op. O.L.C. at 207, to the five presidentially appointed commissioners.

Under this approach, the six congressional members could participate in nearly all of the Commission's remaining activities, including in ceremonial functions, and they could advise the executive committee on "the formulation of programs that would be technically approved and executed by non-congressional members." *Bicentennial Commission*, 8 Op. O.L.C. at 207. The entire Commission, including the congressionally appointed members, could also "provide advice and assistance to Federal, State, and local governmental agencies, as well as civic groups to carry out activities to honor John F. Kennedy on the occasion of the 100th anniversary of his birth," as section 3(2) of the Act contemplates. These functions, which are not purely executive in nature, do not raise the constitutional problems we have identified.

We believe the approach described above would allow the JFK Commission to constitute itself consistent with the requirements of the Act, while also alleviating the separation of powers concerns that would otherwise be implicated.

KARL R. THOMPSON
*Principal Deputy Assistant Attorney General*
*Office of Legal Counsel*